UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Robert Stafford, | § § § | |
| Plaintiff, | § § | CA No.: 4:21-cv-184 |
| v. | § § | |
| | § | Class Action |
| Livefree Emergency Response, Inc. d/b/a Life Beacon | § § § | Jury Demanded |
| Defendant. | § § | |

**PLAINTIFF ROBERT STAFFORD'S CLASS ACTION COMPLAINT**

1. **Introduction.**

    1.1. Robert Stafford ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

    1.2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers

may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

1.3. Plaintiff's cellular residential telephone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Defendant or its telemarketing representatives or lead generators called Plaintiff's residential phone on approximately 14 occasions beginning on February 5, 2020 to make marketing solicitations, i.e., calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

1.4. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

1.5. This is the scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

1.6. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

1.7. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

2. **Parties**

2.1. Plaintiff is a resident of this District.

2.2. LiveFree Emergency Response, Inc. d/b/a Life Beacon ("**Defendant**" or "**Livefree**") is corporation based in Idaho with a principal office located at 901 Pier View Drive, Suite 206, Idaho Falls, Idaho 83402.

2.3. By not filing a registration statement the Texas Secretary of State is by law designated as agent for service of process pursuant to § 302.108 of the Texas Business & Commercial Code.

3. **Venue**

3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3.2. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls into this State.

4. **Article III Standing**

    4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Holderread v. Ford Motor Credit Co., LLC*, No. 4:16-cv-222-ALM, 2016 WL 6248707, at *3 (E.D. Tex. Oct. 26, 2016); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

    4.2. Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent and with an ATDS and/or a pre-recorded voice in the following manners:

    4.2.1. Plaintiff's privacy was invaded by Defendant;

    4.2.2. Plaintiff was harassed and abused by Defendant's telephone calls;

    4.2.3. Defendant's calls were a nuisance to Plaintiff;

    4.2.4. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

4.2.5. Defendant illegally seized Plaintiff's telephone line while they made illegal calls to Plaintiff's cellular telephone;

4.2.6. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

4.2.7. Defendant's seizure of Plaintiff's telephone line was intrusive; and

4.2.8. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

5. **Factual Allegations**

5.1. Plaintiff is the owner of and user of the residential cellular telephone number 972-235-8480.  Each of the telephone calls referenced below were made to Plaintiff's residential telephone number 972-235-8480. 972-235-8480 is a cellular number/network. None of the calls at issue were placed by Defendant to Plaintiff's residential phone number for "emergency purposes."

5.2. Beginning on February 5, 2020 Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representative who made the telephone calls as the agent for and on behalf of Defendant (all references hereinafter to Defendants will include Defendant's telemarketing representatives).

5.3. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendants were seeking to provide emergency response services to Plaintiff.

5.4. The telephone calls were "telephone solicitations" pursuant to § 302.001 of the Texas Business & Commercial Code because the purpose of the calls was to induce a person to purchase, rent, claim, or receive an item.

5.5. Plaintiff received the following calls from Defendant:

| Date | Time | Calling # | Called # |
| --- | --- | --- | --- |
| Febraury 5, 2020 | 9:49 AM | 682-260-6712 | 972-235-8480 |
| Febraury 5, 2020 | 1:49 PM | 682-260-6712 | 972-235-8480 |
| February 6, 2020 | 9:36 AM | 682-260-6712 | 972-235-8480 |
| February 6, 2020 | 1:38 PM | 682-260-6712 | 972-235-8480 |
| February 7, 2020 | 10:17 AM | 682-260-6712 | 972-235-8480 |
| February 7, 2020 | 2:18 AM | 682-260-6712 | 972-235-8480 |
| February 8, 2020 | 10:45 AM | 682-260-6712 | 972-235-8480 |
| February 8, 2020 | 3:12 PM | 682-260-6712 | 972-235-8480 |
| February 9, 2020 | 10:34 AM | 682-260-6712 | 972-235-8480 |
| February 9, 2020 | 3:33 PM | 682-260-6712 | 972-235-8480 |
| February 10, 2020 | 10:37 AM | 682-260-6712 | 972-235-8480 |
| February 10, 2020 | 3:03 PM | 682-260-6712 | 972-235-8480 |
| February 11, 2020 | 10:39 AM | 682-260-6712 | 972-235-8480 |
| February 11, 2020 | 3:10 PM | 682-260-6712 | 972-235-8480 |

5.6. All of the above calls were placed through an automatic telephone dialing system. On many calls no one was on the line which indicates the automatic dialer is dialing at such a pace the call center agents cannot keep up with the calls. On other calls there was dead air/silence.

5.7. The dialing system used by Defendant has both the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator[,]" 47 U.S.C. § 227(a)(1)(A), and the capacity "to dial such numbers[,]" *id.* § 227 (a)(1)(B).

5.8. The calls were placed without the Plaintiff's prior express written consent and were willful violations of the respective laws. Defendant has been sued before for TCPA violations.

5.9. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called.

5.10. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

5.11. All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

5.12. Defendant has failed to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant's registration.

5.13. The telephone number from which Plaintiff was called (682-260-6712) does not appear in the Texas Registration Database.

5.14. Defendant does not qualify for an exemption under § 302.053.

5.15. The telephone calls were made to Plaintiff who was located in Texas and who qualifies as a "purchaser" under § 302.001 of the Texas Business & Commercial Code

5.16. Defendant was "spoofing" the number from which the calls were dialed.

## 6. Class Action Allegations

6.1. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

6.2. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call on their residential or cellular line within any twelve-month period from, or on behalf of, Defendant.

6.3. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons in the state of Texas from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (2) for the purpose of selling Defendant's products and services; and (3) for whom Defendant claims it (a) obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) did not obtain prior express written consent.

6.4. The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as: All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment Defendant used to call Plaintiff, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to place autodialed calls to the Plaintiff, or (b) they did not obtain prior express written consent.

6.5. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons in the state of Texas from four years prior to the filing of this action through the present (or an agent acting on behalf of Defendant) to whom Defendant (or an agent acting on behalf of Defendant) made a telephone solicitation.

6.6. The classes as defined above are identifiable through phone records and phone number databases.

6.7. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robo-calls that he received, that the classes are so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

6.8. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

6.9. Plaintiff is a member of the classes.

6.10. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

6.10.1. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

6.10.2. Whether Defendant or their agents, within the four years before the filing of the initial Complaint, made more than one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days.

6.10.3. Whether Defendant placed calls to Plaintiff's cellular number using an automatic telephone dialing system without obtaining the recipients' prior express written consent for the call;

6.10.4. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

6.11. Plaintiff's claims are typical of the claims of class members.

6.12. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

6.13. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

6.14. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

6.15. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

6.16. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

7. **Count One: Violation of the TCPA's Do Not Call provisions**

   7.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

   7.2. Defendant violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

   7.3. Defendant's violations were negligent or knowing/willful.

7.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

7.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

7.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

7.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

7.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

7.4.5. That the Plaintiff recover his attorneys' fees and costs.

7.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

8. **Count Two: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

8.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

8.2. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

8.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

8.4. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

8.5. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

8.6. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

8.7. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendants.

8.8. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each

violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

8.9. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

8.9.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

8.9.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

8.9.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

8.9.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

8.9.5. That the Plaintiff recover his attorneys' fees and costs.

8.9.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

9. **Count Three: Violation of the TCPA's ATDS provisions**

9.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

9.2. Defendant violated the TCPA by initiating telephone solicitations to cell phone numbers with the use of an ATDS.

9.3. Defendant's violations were knowing/willful as Defendants were spoofing the calling phone numbers and had no prior business with Plaintiff. Defendants have also been sued in the Court before for the same type conduct.

9.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

9.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

9.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

9.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

9.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

9.4.5. That the Plaintiff recover his attorneys' fees and costs.

9.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

10. **Count Four: Violation of § 302.101 of the Texas Business & Commerce Code.**

    10.1. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

    10.2. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

    10.3. Defendant violated § 302.101 of the Texas Business & Commercial Code when it or its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

10.4. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

10.5. Relief sought for himself and all class members:

10.5.1. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

10.5.2. For Plaintiff and each of the class members a civil penalty of $5,000 for each violation of §302.302(a) of the Texas Business & Commerce Code;

10.5.3. all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees;

10.5.4. Injunctive relief (as provided under §302.302(d) of the Texas Business & Commerce Code); and

10.5.5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**11. Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By: _*/s/ Chris R. Miltenberger*_
Chris R. Miltenberger
Texas State Bar Number 14171200

**Designated as Lead Attorney**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

_____
Plaintiff's Class Action Complaint
Page | 19